348 July 30, 2025 No. 696

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. D. R., aka D. R. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

D. D. R.,
aka D. R. R.,
*Respondent,*
*v.*

I. D.,
*Appellant.*

Marion County Circuit Court
24JU04172; A186516

Courtland Geyer, Judge.

Submitted June 18, 2025.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent Department of Human Services.

G. Aron Perez-Selsky filed the brief for respondent child.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Father appeals from a judgment terminating his parental rights to his daughter, D. On appeal, he contends that the juvenile court erred in concluding that he engaged in extreme conduct, was unfit, and neglected D. *See* ORS 419B.502 (allowing for termination of parental rights if a parent engages in extreme conduct toward any child); ORS 419B.504 (allowing for termination of parental rights if a parent is unfit); ORS 419B.506 (allowing for termination of parental rights if a parent neglects a child). We affirm.

Having reviewed the record *de novo*, ORS 19.415(3)(a), the evidence shows that father sexually abused D's older sibling, M, as well as D. In particular, we are persuaded by the juvenile court's credibility findings with respect to M's description of father's sexual abuse of her and witnessing the sexual abuse of D. *See State ex rel Juv. Dept. v. G. P.*, 131 Or App 313, 319, 884 P2d 885 (1994) (recognizing on *de novo* review that "in a rape or sexual abuse case, the trial court's opportunity to observe the demeanor of the [accused] and the complainant is important"). The juvenile court therefore did not err by terminating father's rights under both ORS 419B.502, which allows for termination of parental rights where a parent engages in "[r]ape, sodomy[,] or sex abuse of any child by the parent," and ORS 419B.504, which permits termination where a parent engages in conduct towards any child that is of an "abusive, cruel[,] or sexual nature." That conclusion obviates the need to determine whether the juvenile court correctly terminated his rights because he neglected D.

Affirmed.